UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-16-G |
| ) | |
| ZQUAREUS TROYEZ IMMANUEL ) | |
| THOMAS, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Now before the Court is Defendant Zquareus Troyez Immanuel Thomas' Motion in Limine Regarding Gang Affiliation (Doc. No. 103). The Government responded (Doc. No. 115).

Defendant is charged with one count of possession of ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), on or about December 15, 2022. *See* Superseding Indictment (Doc. No. 89). Trial in this matter is scheduled to begin on April 11, 2023.

I.  *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). It "is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143,

146 (10th Cir. 1995). A court's in limine rulings are preliminary and "subject to change as the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

II. *Discussion*

Defendant moves to prohibit the Government from introducing evidence at trial concerning Defendant's gang affiliation. *See* Def.'s Mot. at 2. Defendant states that discovery material produced by the Government identifies Defendant as a member of a local street gang. *See id.* Defendant argues that Defendant's gang affiliation has no probative value to the offense charged, and, in the alternative, that any probative value of such evidence is substantially outweighed by the danger of unfair prejudice. *See id.*; Fed. R. Evid. 401, 403.

The Government states in its Response that it "does not intend to introduce evidence of Defendant's gang affiliation in its case in chief." Gov't's Resp. at 2. The Government notes, however, that some fact witnesses are personally aware that Defendant associates with a criminal street gang, and that these witnesses may reference Defendant's gang affiliation as context for their state of mind or why they took certain actions at the time of the incident underlying the criminal charge in this case. *See id.* The Government nevertheless states that it has "admonished its witnesses not to mention gang affiliation." *Id.*

Based on the Government's representations to the Court, Defendant's Motion in Limine is DENIED AS MOOT at this time. The Government should not elicit testimony or present evidence on the topic of Defendant's gang affiliation without prior permission

from the Court. If testimony on that topic is offered by a witness, Defendant may renew his objection to such testimony as appropriate.

    IT IS SO ORDERED this 10th day of April, 2023.

                                                CHARLES B. GOODWIN
                                                United States District Judge